IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NUCOR CORPORATION                                       PLAINTIFF/
                                                        COUNTERDEFENDANT

V.                        3:08CV00067 JMM

J. BAKER & ASSOCIATES, INC.                             DEFENDANT/
                                                        COUNTERCLAIMANT/
                                                        THIRD PARTY PLAINTIFF
V.

NUCOR-YAMATO STEEL CO.                                  THIRD PARTY DEFENDANT

## ORDER DENYING MOTION TO DISMISS

Pending is the Motion to Dismiss of Nucor Corporation ("Nucor") and Nucor-Yamato Steel Company ("Nucor-Yamato")(collectively the "Nucor Parties"). The Plaintiff has responded. For the reasons set forth below, the Motion is DENIED.

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and

unlikely")).  Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred.  *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007)*.*  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

J. Baker & Associates, Inc.  ("JBA"), in its First Amended Counterclaim against Nucor and its First Amended Third Party Complaint against Nucor-Yamato, claims that the Nucor Parties breached an implied duty of good faith.  The Nucor Parties contend that the Court should dismiss the breach of implied duty of good faith claims because Arkansas law does not recognize the breach of a duty of good faith as an independent cause of action.  "To the contrary, under Arkansas law, every contract contains an implied covenant of good faith and fair dealing. *Yarborough v. DeVilbiss Air Power, Inc*., 321 F.3d 728, 732 (8th Cir. 2003) (citing *TCBY Sys., Inc. v. RSP Co., Inc*., 33 F.3d 925, 928-29 (8th Cir.1994)).  As is the case with the contract's express terms, the implied covenant is part of the contract and creates contractual obligations that are actionable.  *Id.*  (citing *Cantrell-Waind & Assoc. v. Guillaume Motorsports, Inc*., 62 Ark.App. 66, 71-72, 968 S.W.2d 72, 75 (1988))." *All-Ways Logistics, Inc. v. USA Truck, Inc.,* 2007 WL 1965415, 13 (E.D. Ark. 2007).

The Nucor Parties also argue that the good faith claim should be dismissed because the express terms of the parties' contract address these issues.  The Court disagrees.  *See TCBY Systems, Inc. v. RSP Company, Inc.,* 33 F.3d 925 (8th Cir. 1994).   In *TCBY*, the Eighth Circuit found that the same evidence supported a jury finding that TCBY breached the express provisions of the contract and the obligation of good faith and fair dealing.  *Id.* at 928.

Finally, the Nucor Parties argue that the good faith claim should be dismissed because JBA failed to adequately plead the allegation in its Counterclaim and Complaint. The Court finds no merit in this argument.

The Motion to Dismiss (Docket # 15) is DENIED.

IT IS SO ORDERED this 23rd day of September 2008.

James M. Moody
United States District Judge