**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | | |
|---|---|---|
| **NUCOR CORPORATION,** | ))))))) | |
| Plaintiff/Counterclaim Defendant, | | |
| v. | ))) | |
| **J. BAKER & ASSOCIATES, INC.,** | ))) | Civil Action No. 3:08-cv-00067 JMM |
| Defendant/Counterclaimant/ Third Party Plaintiff, | | |
| v. | | |
| **NUCOR-YAMATO STEEL COMPANY** | | |
| Third Party Defendant. | | |

**CONSENT PROTECTIVE ORDER**

THIS MATTER came before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon the Consent Motion for a Protective Order ("Motion") filed jointly by Nucor Corporation ("Nucor") and Nucor-Yamato Steel Company ("NYS") and with the consent of J. Baker & Associates, Inc. Having reviewed the Motion, it is:

ORDERED that the Motion for a Protective Order is hereby granted to the extent set forth below.

1. Each of the parties may designate documents or information provided, served, disclosed, filed, or produced as confidential by stamping them "CONFIDENTIAL" (the "Confidential Information"). The "CONFIDENTIAL" legend shall not obliterate or make difficult to read any text of any document designated as confidential.

2. In the event that at any time a party disagrees with another party's designation of material as Confidential Information, counsel for the parties shall confer in good faith to resolve the dispute. In the event counsel are unable to agree as to the confidential nature of any document or other information, the receiving party may apply for a ruling from the Court on the producing party's designation of the information as Confidential Information. If the receiving party does not apply to the Court for a ruling, the information shall remain Confidential Information until deemed otherwise by the producing party. In any court review, the producing party shall have the burden of showing that the information is appropriately designated for protection as Confidential Information pursuant to this Order. Prior to the Court's determination of this issue, the documents designated as "Confidential" shall remain as such. The documents at issue need not be filed but may be produced to the Court for an *in camera* review.

3. Confidential Information shall not be publicly disclosed by any person or entity with knowledge of this Protective Order unless in accordance with the terms of this Protective Order or with written permission of the producing party. Confidential Information may be used only in connection with the prosecution or defense of this action (including any appeal and retrial) and not for any other pending or threatened litigation, or any other business or other purpose whatsoever, unless obtained outside of this litigation. Confidential Information shall not be disclosed to any non-party unless necessary for the prosecution or defense of this action and unless the non-party agrees — by signing the attached Exhibit A — to be bound by this Order and to maintain the confidentiality of the Confidential Information.

4. If Confidential Information, including any portion of a deposition transcript designated as Confidential Information, is included in any papers to be filed with the Court, such Confidential Information shall be filed separately under seal. Filing under seal shall be without

prejudice to any party's right to argue that such Confidential Information is not confidential and need not be preserved under seal.

5.     This Order shall survive settlement, judgment or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.  The ultimate disposition of any materials produced hereunder shall be subject to a final order of the Court upon completion of the litigation.

6.     A party may designate those portions of the transcript of a deposition that refer to matters deemed confidential by indicating on the record at the deposition that the testimony contains or reflects Confidential Information or by notifying all parties in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the back of the transcript and each copy thereof in his possession, custody or control.  In order to afford time for designations to be made, the entire transcript of each deposition shall be treated as Confidential Information for a period of 30 days after a full and complete transcription of such deposition is available.

7.     Any inadvertent or unintentional disclosure by the producing party of Confidential Information (regardless of whether the information was so designated at the time of disclosure), or information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine shall, for purposes of this action, not be deemed a waiver in whole or in part of a party's claim of confidentiality, attorney-client or work-product privileges, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the supplying party has given notification to the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon receiving such notification with respect to the inadvertent disclosure of

Confidential Information, any parties that have received copies of the inadvertently produced information shall treat it as Confidential Information until the producing party produces the document or data with the appropriate CONFIDENTIAL stamp. Following the production of correctly-stamped Confidential Information, the receiving party shall destroy the inadvertently produced material and any copies thereof, and, upon request, confirm to the producing party that such destruction has occurred. Nothing in this paragraph shall prejudice a party's right to challenge the designation of information as Confidential Information. Upon receiving a notification that the producing party inadvertently produced information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine materials, any parties that have received copies of the inadvertently produced document shall either (1) promptly return it to the supplying party and destroy any other copies thereof, or (2) challenge the withholding of the document. If the withholding of the document is challenged, there shall be no further dissemination of the document during the pendency of the challenge. In the event that only part of a document is claimed to be privileged, the supplying party shall return redacted copies of such document, removing only the part(s) thereof claimed to be privileged, to all parties within 10 days.

      8.      If any person possessing Confidential Information is subpoenaed by a court of competent jurisdiction in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Information, or Confidential Information is sought pursuant to an administrative order, demand, summons, subpoena or other request from any federal or state agency, the person receiving the subpoena or document demand (1) shall give written notice by fax or e-mail within five business days of the receipt of such subpoena or demand to undersigned counsel for the party or parties that produced and/or designated the Confidential Information and (2)

shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

9.   Nothing in this Order shall be construed as preventing any party from using its own information as needed or from seeking further protection for any material it produces in discovery. In particular, Nucor and NYS reserve the right to seek, if appropriate, an order permitting designation of documents as "Highly Confidential -- Counsel Only."

SIGNED this 20th day of October, 2008.

_____
JAMES M. MOODY
United States District Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

|  |  |  |
|---|---|---|
| **NUCOR CORPORATION,** | ))) | |
| Plaintiff/Counterclaim Defendant, | ))) | |
| v. | ))) | |
|  | ))) | Civil Action No.  3:08-cv-00067 JMM |
| **J. BAKER & ASSOCIATES, INC.,** | | |
| Defendant/Counterclaimant/ Third Party Plaintiff, | | |
| v. | | |
| **NUCOR-YAMATO STEEL COMPANY** | | |
| Third Party Defendant. | | |

The undersigned has been provided with a copy of the Protective Order entered in the case captioned *Nucor Corporation v. J. Baker & Associates, Inc.,* 3:08-cv-00067 JMM, has had an opportunity to review the Protective Order; and is fully familiar with all of its terms.  By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

_____

Print name: _____

Address: _____

_____

_____

Date signed: _____