**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

NUCOR CORPORATION                                        PLAINTIFF/
                                                        COUNTERDEFENDANT

V.                              3:08CV00067 JMM

J. BAKER & ASSOCIATES, INC.                              DEFENDANT/
                                                        COUNTERCLAIMANT/
                                                        THIRD PARTY PLAINTIFF

V.

NUCOR-YAMATO STEEL CO.                          THIRD PARTY DEFENDANT

<u>ORDER</u>

Pending are the Motions for Partial Summary Judgment filed by Nucor-Yamato Steel

Company ("NYS") and Nucor Corporation ("Nucor"), the Motion to Realign the Parties filed by

J.Baker & Associates Inc. ("J.Baker") and the Motion to Strike filed by J.Baker.  For the reasons

set forth below, the Motions for Partial Summary Judgment are DENIED in part and GRANTED

in part.  The motions filed by J.Baker are DENIED.

    I.      <u>Standard for Summary Judgment</u>

        Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there
> is a need for trial -- whether, in other words, there are genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

        The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e.*, '[to] point out to the District Court,' that the
> record does not disclose a genuine dispute on a material fact.  It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is
> discharged, and, if the record in fact bears out the claim that no
> genuine dispute exists on any material fact, it is then the
> respondent's burden to set forth affirmative evidence, specific
> facts, showing that there is a genuine dispute on that issue.  If the
> respondent fails to carry that burden, summary judgment should be
> granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson*, 477 U.S. at 248.

    II.    Undisputed Facts

On July 28, 2006, Nucor executed an agreement with J.Baker (the "Agreement").  NYS

entered into the Agreement on August 4, 2006.  Under the Agreement, Nucor and NYS agreed to

allow J.Baker to examine the "invoices, contracts, agreements and related documents to discover

amounts due" to Nucor and NYS (the "Companies") from the Companies' vendors.  (Ex. 10 to

Nucor's Motion).  The Agreement provides in relevant part:

> 4) When JBA finds amounts due the Companies, JBA will prepare chargebacks on the
> Companies' letterhead, supported by the appropriate documentation.  Should vendor
> overpayments be identified during the scope period, JBA will document chargebacks in

years prior and subsequent to the years, in order to complete the recovery of the amounts dues from a given vendor. . . .

* * *

8) All amounts due the Companies at the commencement of the review are considered within the scope of JBA's work, unless the Companies provides [sic] written documentation that establishes a prior request for repayment, within 90 days prior to the commencement of the review.  The Companies agrees [sic] to allow JBA to recover all amounts due the Companies without offset and shall stand alone.  (Amounts due a vendor are not to be applied against JBA's recover)

9) Prior to commencement of the review, the Companies will have the right to exclude specific named vendors, by addendum, or to exclude a named category of recovery. Once the review has begun, if the Companies choose to forego recovery of any legitimate documented Chargeback(s), JBA will be compensated the Partnership Fee.

* * *

11) All recoveries paid by check will be payable to the Companies and will be promptly delivered to the Companies along with any signed acknowledgments or credit memos. Payment to JBA is on a contingency basis.  There are no costs or charges to the Companies other than a Partnership Fee of recoveries made by JBA, according to the following recovery thresholds:

| | |
|---|---|
| Up to $200,000- | 50% |
| $200,000 to $400,000- | 40% |
| $400,000 and above - | 30% |

12) The Companies will be billed by JBA after receipt of payment on amounts due. Payments may take the form of checks, signed vendor acknowledgments, credit memos, or documented tax overpayments from current vendors or deductions from current invoices/tax filings.

* * *

14) Periodic review of the accounts on which Chargebacks were written by JBA will be allowed for a period not to exceed one year from the date the review is completed.

15) The Companies request the review start at Nucor Steel Arkansas on or about June 12, 2006 followed by Nucor-Steel Yamato on or about August 8, 2006.

(Ex. 10 to Nucor's Motion).

III.    <u>NYS</u>

The Motions for Partial Summary Judgment involve transactions between the Companies and one of their largest vendors, the David J. Joseph Company ("DJJ").  J.Baker claims that NYS breached the Agreement and owes J.Baker a Partnership Fee for Chargebacks to DJJ that NYS chose to forego as stated in Paragraph 9 of the Agreement. NYS argues in its motion that NYS excluded DJJ and the entire category of scrap vendors from the J.Baker review initially. After review of the record, J.Baker has presented sufficient evidence showing that there is a question of fact as to whether NYS excluded DJJ and/or the entire category of scrap vendors prior to the commencement of J.Baker's review.

In the alternative, NYS contends that even if DJJ was not excluded from the review, J.Baker did not submit "legitimate documented Chargebacks" for DJJ.  Therefore, J.Baker is not entitled to a Partnership Fee under the Paragraph 9 of the Agreement. NYS argues that J.Baker's proposed Chargebacks to DJJ are not legitimate because they would violate the agreement between NYS and DJJ.  The Court finds that the term "legitimate documented Chargeback" as used in Paragraph 9 of the Agreement is ambiguous.  There is a question of fact as to whether J.Baker's proposed Chargebacks to DJJ on behalf of NYS were legitimate as that term is used in the Agreement.

NYS contends that if Paragraph 9 of the Agreement contains ambiguities, the Court should construe the ambiguities against J.Baker because J.Baker drafted Paragraph 9.  It is well settled, however, that the "polestar of contractual construction is to determine and enforce the intent of the parties.  This rule trumps all other, even the doctrine of *contra proferentem.*" *Taylor v. Hinkle*, 200 S.W.3d 387, 395 (Ark. 2004)(internal citation omitted).  Contrary to the

Companies' contention, there is conflicting evidence in the record regarding the intent of the parties.  Further, although J.Baker admits that it drafted this section of the Agreement, there is also evidence in the record that NYS and Nucor reviewed the Agreement and made revisions to the Agreement before executing it.   This was not a situation where the Companies were unsophisticated or had no leverage at the bargaining table.  The Court finds that the ambiguities contained in Paragraph 9 are questions of fact to be determined by the jury.

NYS also argues that J.Baker should be estopped from asserting that it is entitled to a Partnership Fee relating to DJJ.  In order to prove estoppel, the party asserting the defense must prove: "(1) the party to be estopped knew the facts; (2) the party to be estopped intended that the conduct be acted on; (3) the party asserting the estoppel was ignorant of the facts; and (4) the party asserting the estoppel relied on the other's conduct and was injured by that reliance." *Bedford v. Fox*, 970 S.W.2d 251, 254 (Ark. 1998)(citing *City of Russellville v. Hodges*, 957 S.W.2d 712 (Ark. 1996)).

In the context of this case, NYS must prove that J.Baker knew that NYS intended to exclude DJJ but that NYS did not effectively exclude it, that J.Baker chose not to communicate this information to NYS, that NYS did not know it had failed to exclude DJJ, and that NYS relied upon J.Baker's silence to its detriment. The Arkansas Supreme Court has stated that "for silence to constitute an estoppel there must be both the opportunity and the duty to speak.  The action of the person asserting the estoppel must be the natural result of the silence, and the silent party must be in a situation to know that someone is relying on the silence to his detriment.  *Id*." *J.W. Reynolds Lumber Co. v. Smackover State Bank,*836 S.W.2d 853, 856 (Ark. 1992)(citing *Lavaca School Dist. No. 3 v. Charleston School Dist. No. 9*, 800 S.W.2d 703 (1990)).

The Court finds this argument to be without merit.  There has been no evidence that J.Baker remained silent about DJJ in order to induce NYS to withhold DJJ scrap data.  This theory would also require evidence that J.Baker wanted NYS to withhold DJJ scrap data so J.Baker could countersue NYS for breach of contract.  There is nothing in the record to support this theory.

IV.    <u>Nucor</u>

Nucor also contends that it excluded DJJ from the J.Baker review initially and later by addendum.  After review of the record, the Court finds that J.Baker has shown a genuine issue of material fact as to whether Nucor excluded DJJ prior to the commencement of the review by J.Baker.  The Court further finds that the term "addendum" as used in Paragraph 9 of the Agreement is ambiguous.  Thus, there are questions of fact as to whether Nucor excluded DJJ initially or by addendum as that term is used in the Agreement.

In the alternative, Nucor contends that even if DJJ was not excluded from the review, J.Baker did not submit "legitimate documented Chargebacks" for DJJ.  Therefore, J.Baker is not entitled to a Partnership Fee under the Paragraph 9 of the Agreement.  The Court, again, finds that the term "legitimate documented Chargeback" as used in Paragraph 9 of the Agreement is ambiguous.  There is a question of fact as to whether J.Baker's proposed Chargebacks to DJJ on behalf of Nucor were legitimate as that term is used in the Agreement.

V.    <u>Good Faith Claims against Nucor and NYS</u>

Arkansas does not recognize a separate cause of action for breach of the implied duty of good faith in contract or tort.    Therefore, J.Baker's claim for this cause of action is dismissed. The parties are free to argue that such a duty exists under Arkansas contract law.  It is not,

however, a separate cause of action.

VI.     J.Baker's Motion to Strike

The motion to strike Nucor's reply brief is DENIED.

VII.    J.Baker's Motion to Realign the Parties

J.Baker asks the Court to realign the parties in order to allow J.Baker to present its proof first at trial.  "A district court has wide discretion to set the order of proof at trial." *Anheuser-Busch, Inc. v. John Labatt Ltd.,* 89 F.3d 1339, 1344 (8th Cir. 1996)(citing *Skogen v. Dow Chemical Co.*, 375 F.2d 692, 704, 706 (8th Cir. 1967)).  While the Court understands the reason for J.Baker's request, the Court finds that the parties each bear the burden of proof on issues remaining for trial.  Therefore, it is proper in this case to allow the Plaintiff Nucor to present its case to the jury first. *Id.*

VIII.   Conclusion

The Motions for Partial Summary Judgment filed by NYS (Docket # 34) and Nucor (Docket # 42) are DENIED in part and GRANTED in part.  The Motion to Realign the Parties filed by J.Baker  (Docket # 38) is DENIED and the Motion to Strike filed by J.Baker (Docket # 67) is DENIED.

IT IS SO ORDERED this 17th day of November, 2009.

_____
James M. Moody
United States District Judge