IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NUCOR CORPORATION                                           PLAINTIFF/
                                                            COUNTERDEFENDANT

V.                              3:08CV00067 JMM

J. BAKER & ASSOCIATES, INC.                                 DEFENDANT/
                                                            COUNTERCLAIMANT/
                                                            THIRD PARTY PLAINTIFF

V.

NUCOR-YAMATO STEEL CO.                                      THIRD PARTY DEFENDANT

## ORDER

Pending is the Motion in Limine filed by Nucor Corporation and Nucor-Yamato Steel Co. (The "Nucor Parties"). J.Baker & Associates, Inc. ("JBA") has responded to the motion. The Motion is DENIED.

The Nucor Parties ask the Court to exclude JBA's Second Supplemental Disclosures, the Amended and Supplemental Disclosures, Supplemental Disclosures, and Partial Second Amended Disclosures to the extent this information relates to alleged DJJ overcharges of Nucor because they are untimely and because they violate the Agreement between the parties. In response, JBA argues that it has not changed the underlying Chargebacks except to remove the offsets as provided in the Agreement, and to remove the prepaid transactions and the over-ten-percent shipments as requested by the Nucor Parties. This portion of the Motion in Limine is DENIED. JBA has the burden to prove that the Chargebacks are legitimate. The Nucor Parties will have the opportunity to make these arguments to the jury.

Second, the Nucor Parties ask the Court to exclude JBA testimony or argument that Scale Weight should be used to pay DJJ because it is more accurate than Survey Weight. While the

relevance of the Scale Weight versus Survey Weight is uncertain at this point in the litigation, the Court does not find this argument contrary to the Rules of Evidence.  This portion of the Motion in Limine is DENIED.

The Nucor Parties also ask the Court to exclude any argument or testimony on behalf of JBA that the Nucor Parties had a fiduciary duty to their shareholders.  It does not appear that JBA intends the introduce witnesses to testify that the Nucor Parties had a legal fiduciary duty to submit the Chargebacks to DJJ.  Moreover, JBA is not suing the Nucor Parties on behalf of their shareholders for breach of fiduciary duty.  Therefore, there is no question of law here to be determined by the Court.  This portion of the Motion in Limine is DENIED.

The Court notes that counsel may ask the Court to reconsider these issues during trial if the evidence is presented in a manner that violates the Rule of Evidence at that time.

Pending is the Motion in Limine filed by the Nucor Parties (Docket # 78) is DENIED.

IT IS SO ORDERED this 1st day of December, 2009.

_____
James M. Moody
United States District Judge